IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| REINKE MANUFACTURING CO., INC, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| M & S IRRIGATION SERVICE, INC., a North Carolina Corporation, GEORGE S. PERRY, an Individual, and MURRAY M. WINSLOW, an Individual, | ) ) ) ) ) ) ) |
| Defendants. | ) ) |

4:11CV3193

MEMORANDUM AND ORDER

This matter is before the court on the motion filed by Defendants M & S Irrigation Service, Inc., George S. Perry, and Murray M. Winslow. The defendants object to the venue of this case and request transfer to the United States District Court for the Eastern District of North Carolina. Filing No. 9. For the reasons set forth below, the defendant's motion to change venue is denied.

BACKGROUND

The plaintiff is a Nebraska corporation which manufactures irrigation equipment at its headquarters and facilities located in Deschler, Thayer County, Nebraska. Filing No. 1-1, ¶¶ 1, 7. The plaintiff's complaint alleges that on or about March 6, 2002, the defendant M & S Irrigation Services, Inc., a North Carolina corporation, entered into a dealership agreement with the plaintiff for the sale of plaintiff's irrigation equipment. The complaint alleges the plaintiff extended credit to M & S pursuant to the terms of a Dealer Security Agreement, and defendants Perry and Winslow, both of whom reside in North Carolina, executed personal guarantees on the dealer security agreement on March 1, 2002. The

defendants sent the executed guarantee to the plaintiff's headquarters in Nebraska. Filing No. 1-1, ¶¶ 2-4, 8-12. See also, filing nos. 11-1; 13-1, ¶¶ 4-5.

The plaintiff alleges it sold irrigation equipment to M & S on an open account basis, and shipped the equipment from its Nebraska headquarters to M & S and its customers. Filing No. 1-1, ¶ 14. On or about April 13, 2010, it entered into a loan agreement with the defendants for the purpose of liquidating amounts that were due and owing to Reinke by M & S. The defendants owe $34,406.55 pursuant to the loan agreement, and the defendants have failed to pay the amount owed. Filing No. 1-1, ¶¶ 15-16, 20-22, 27-30. See also, filing no. 13-1, ¶ 8.

On April 27, 2010, M & S executed a Dealer Policy and Procedures Manual Acknowledgment. Filing No. 13-1, ¶ 6 & ex. 2. The Dealer Policy states that "the contractual relationship between Dealer and Reinke shall be governed by the laws of the State of Nebraska," and "[i]n the event that any dispute arises between Reinke and a Dealer arising out of or in any manner related to the Dealership Agreement or Dealer's Reinke Irrigation Systems dealership, jurisdiction and venue shall be exclusively in the District Court of Thayer County, Nebraska or in the United States District Court for the District of Nebraska." Filing No. 13-1, ex. 3 at CM/ECF p. 12.

On or about May 25, 2011, the plaintiff sold irrigation equipment to M & S under a purchase order. The defendants owe but have failed to pay $52,831.30 on the purchase order. Filing No. 1-1, ¶¶ 17-18, 23-26, 27-30. See also, filing no. 13-1, ¶¶ 8-9 & ex. 4.

The plaintiff's trial witnesses, Jeanette Kent, Mark Mesloh, and Chris Roth, reside in Nebraska, and its trial exhibits are located in Nebraska. Filing No. 13-1, ¶¶ 12-16.

LEGAL ANALYSIS

A.   **Motion to Transfer Venue**

The defendants request transfer under 28 U.S.C. § 1404(a). "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Section 1404(a) vests discretion in the district court to "adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1987)(quoting Van Dusen v. Barrack, 376 U.S. 612, 622 (1964).

The court must consider "the convenience of the parties, the convenience of the witnesses, the interests of justice, and any other relevant factors when comparing alternative venues." Terra Intern., Inc. v. Mississippi Chemical Corp., 119 F.3d 688, 696 (8th Cir. 1997)(citing 28 U.S.C. § 1404(a)). Factors to consider include the willingness of witnesses to appear, the ability to subpoena witnesses, the adequacy of deposition testimony, the accessibility to records and documents, the location where the conduct complained of occurred, and the applicability of each forum state's substantive law. Id. (citing Terra Intern., Inc. v. Mississippi Chemical Corp., 922 F. Supp. 1334, 1359 (N.D. Iowa 1996)). The court should also consider such factors as judicial economy, the plaintiff's choice of forum, the comparative costs to the parties of litigating in each forum, each party's ability to enforce a judgment, obstacles to a fair trial, conflict of law issues, and the advantages of having a local court determine questions of local law. Id. (citing Terra Intern., 922 F. Supp. at 1361-63).

In addition, the court will consider the terms of a forum selection clause if the case arises from a contract and the parties entered into an enforceable agreement concerning where any contract dispute would be litigated. Section 1404(a) "governs the District Court's decision [concerning] whether to give effect to the parties' forum-selection clause and transfer this case. . . ." Stewart, 487 U.S. at 32. "The forum-selection clause, which represents the parties' agreement as to the most proper forum, should receive neither dispositive consideration . . .nor no consideration . . ., but rather the consideration for which Congress provided in § 1404(a)." Id. at 31. Section "1404(a) itself controls [a] request to give effect to the parties' contractual choice of venue and transfer this case to a [different] court." Id. at 29.

The plaintiff has chosen a Nebraska forum. The ligation involves the sale of equipment manufactured in Nebraska and shipped from Nebraska to the North Carolina defendants. The North Carolina defendants chose to deal with the Nebraska plaintiff, and at least with respect to the plaintiff's claim on the purchase order, engaged in business with the plaintiff after executing a Dealer Policy and Procedures Manual which included a clause selecting Nebraska as the forum for litigating claims. The plaintiff's witness and exhibits are in Nebraska. Based on the information before the court, the defendants' witnesses include Perry and Windsor, both of whom are named defendants, and therefore willing witnesses who need not be subpoenaed to secure their presence at trial. This court need not and will not determine which state's law is applicable to the case. Either court is fully capable of interpreting and applying another state's common law for breach of contract actions. After reviewing the totality of the pleadings and evidence presented in this case, the court finds that, on balance, Nebraska is the more convenient forum for litigation of this case.

Accordingly,

IT IS ORDERED:

1) The defendants' motion to transfer venue, (filing no. 9), is denied.

2) On or before January 21, 2012, the defendants shall file their answer to the plaintiff's complaint.

3) Mandatory disclosures, (Fed. R. Civ. P. 26(a)(1)), shall be served by **January 28, 2012**.

4) Counsel for the parties shall confer and, on or before **February 9, 2012**, they shall jointly file a Form 35 (Rule 26 (f)) Report, a copy of which can be found in Word and WordPerfect format at http://www.ned.uscourts.gov/forms/.

5) If one or more of the parties believes a planning conference is needed to complete the Rule 26(f) Report, or if the parties cannot agree on one or more of the deadlines identified or case progression issues raised in the attached Rule 26(f) Report, on or before, **February 2, 2012,** a party shall contact my chambers at (402) 437-1670, or by email addressed to zwart@ned.uscourts.gov, to arrange a conference call.

January 9, 2012.

            BY THE COURT:

            *s/ Cheryl R. Zwart*
            United States Magistrate Judge